RHODES v. RUSSELL.

PARTITION—DISPUTED TITLE—TRIAL.—In action for partition, if plaintiff's title is denied, this issue must be first tried, and by jury, and plaintiff must prove his title. If this question be left to a referee or Circuit Judge, their findings of fact are not reviewable on appeal. The findings in this case, that plaintiff had not traced his disputed title back to a grant or to a common source, are final and fatal to the plaintiff.

Before FRASER, J., Hampton, June, 1890.

Action by O. C. Rhodes and others against Sam. Russell and others, for partition. The Circuit judgment was as follows:

The case has been remanded by the Supreme Court to be heard by the Circuit Court on the report of the referee and exceptions. It is true, that plaintiffs and defendants both claim under parties who are the heirs of T. A. Rhodes, alleged to be the common source of title. There is no evidence that T. A. Rhodes ever had possession, or that such possession was continued to their heirs as derived from him. The title deed from one of the alleged co-tenants, under which defendant Russell claims, conveying the whole tract with warranty, is in derogation of the title of T. A. Rhodes, the common source, and sufficient, as amongst co-tenants with notice, to amount to ouster.

I, therefore, agree with the referee in his conclusions, that there has been no such proof of title, either as derived from the common source or otherwise, as will entitle the plaintiffs in this case to recover. It is, therefore, ordered and adjudged, that the exceptions be overruled, the report of the referee confirmed, and the complaint dismissed with costs, as allowed by law.

*Mr. E. F. Warren*, for appellant.

*Mr. W. S. Tillinghast*, contra.

March 14, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. The former appeal in this cause raised the question, whether in an action where one of the issues raised was that of title, and, by consent, an order was made referring all the issues of law and fact to a special referee, the Circuit Judge, on motion of one of the parties, and against the wish of. the other party to the consent order, could order that issue of title to a jury; and this court held that the consent order of a reference was a bar to such action of the Circuit Judge, and that the cause must be remanded to the Circuit Court, to be there heard on the report of the special referee and the exceptions thereto. *Rhodes* v. *Russell*, 32 S. C., 585.

The present appeal grows out of the decree of the Circuit Judge, made on hearing the report of the special referee and exceptions thereto, wherein the Circuit Judge sustained the recommendations of the special referee that the complaint be dismissed. The plaintiffs allege error in that decree: 1. Be-

cause his honor erred in deciding that the plaintiffs had failed to show that plaintiffs and defendants claimed title from a common source; whereas he should have held, under the evidence, that they derived their title to the premises in question from a common source.    2.  Because his honor erred in deciding that plaintiffs had failed to show that the premises in question was the property of the intestate, Theodore A. Rhodes.  3. Because his honor erred in not deciding that George Rhodes, Russell's grantor, was only entitled to his distributive share, to wit: one-tenth of T. A. Rhodes' property, and could not convey any greater title than he had.    4.  Because his honor erred in deciding that George Rhodes' title to Sam. Russell was in derogation of the title of the intestate, the common source, and was sufficient with notice to amount to ouster; when there was no evidence that plaintiffs had notice, and it is a fact that there were infants even at the time of the commencement of this action, part of whom are non-residents.    5.  Because his honor erred in not deciding that plaintiffs had traced the title of plaintiffs and defendants to a common source, and that plaintiffs were entitled to the usual writ in partition, and that defendants should account for the rents and profits.

Theodore A. Rhodes was killed in the battle at Gettysburg on the 3d day of July, 1863, unmarried and childless, leaving his father, George Rhodes, and his nine brothers and sisters as his only heirs at law and next of kin.    On the 8th day of March, 1858, he received title to the tract of land now in dispute.[1] There was no evidence that he ever entered into possession of these lands.    In 1870, George Rhodes, as his own property, sold said lands to Sam. Russell, who occupied the same at once thereafter, but only received a title deed therefor in 1880. Samuel Russell conveyed by deed said lands to Lawton Russell in 1884.    The plaintiffs are the widow and children of R. J. Rhodes, who was one of the nine brothers and sisters of Theodore A. Rhodes, and his heirs at law and next of kin.    The defendants are Sam. Russell and Lawton Russell, and all the other heirs at law of the said Theodore A. Rhodes.    The complaint

[1] From George Rhodes.

is for a partition of the lands in question, and for rents and profits. The answers of Sam. and Lawton Russell deny the right to partition, and allege that the plaintiffs have no title to said lands, and claim for the defendant, Lawton Russell, title thereto as derived from Sam. Russell, who derived title through and from George Rhodes.

It is now the settled law of this State, that in an action for partition, if title of plaintiff is denied by answer, the question of title must be first tried, and that such issue is, of right, triable by a jury. *Brock* v. *Nelson*, 29 S. C., 49; *Capell* v. *Moses*, 36 *Id.*, 559. In such trials, the plaintiffs must recover upon the strength of their own title, and not upon the weakness of that of defendant. In case the parties to such issue substitute a referee or a Circuit Judge for the jury, the consequence is that the findings of fact by the Circuit Judge are treated as the verdict of a jury, and are not reviewable by this court. *Miller Bros.* v. *Railway Company*, 33 S. C., 359. The findings of fact by the Circuit Judge in this case were that the plaintiffs failed by their testimony to establish the title to the lands in Theodore A. Rhodes (through whom they alone claimed) by a grant from the State, or the existence of those facts that raise a presumption of such a grant; and, also, that such testimony of plaintiffs failed to establish the fact that the plaintiffs and defendants claimed title from a common source. These two findings of fact are fatal to the plaintiffs. *Verdier* v. *Railroad Company*, 15 S. C., 478; *Brock* v. *Nelson*, *supra*. And upon examination it will be seen that thus the exceptions of the appellants are fully answered. They must, therefore, be overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.